# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AUTOMOTIVE GLOBAL TECHNOLOGIES, LTD., a Nevada corporation, | 3:99-CV-065-RAM |
| Plaintiff, | **ORDER** |
| vs. | |
| SONNAX INDUSTRIES, INC., a Vermont corporation; ALTO PRODUCTS CORPORATION, a New Jersey corporation, et al., | |
| Defendants. | |
| SONNAX INDUSTRIES, INC., | |
| Third Party Plaintiff, | |
| vs. | |
| BRUCE PALMBAUM and CHRISTO BARDIS, | |
| Third Party Defendants. | |

Before the court is Sonnax Industries, Inc. (hereinafter "Sonnax") Motion for Leave to File Sur-Reply to Automotive Global Technologies' Reply to Sonnax's Opposition to AGT's Motion for Attorneys' Fees (Doc. #300) filed on November 4, 2005. Automotive Global Technologies, Ltd. (hereinafter "AGT") filed an Opposition to the motion for leave, which was combined with a Motion to Strike (Doc. #304) on November 21, 2005. Then, Sonnax filed an Opposition to AGT's Motion to Strike combined with their Reply in Support of Sonnax's Motion for Leave to File Surreply.

(Doc. #303). Last, AGT filed a Reply to Sonnax's *Alleged* Opposition to AGT's Motion to Strike Sonnax's Motion for Leave to File Surreply. (Doc. #305.)

## BACKGROUND

On January 9, 1998, Sonnax Industries, Inc. (hereinafter "Sonnax"), a Vermont corporation, and Automotive Global Technologies, Ltd. (hereinafter "AGT"), a Nevada corporation, contracted for the sale of Component Parts, Inc. (hereinafter "CPI") in the Asset Purchase Agreement (hereinafter "APA"). (Doc. #218.) Prior to the APA, AGT was engaged in the manufacture and sale of torque converter parts through CPI. The case arose from the APA, and the parties contractual performance duties thereunder. AGT alleged six causes of action against Sonnax, including breach of the APA and interference with their economic relations. (Doc. #218.) Similarly, Sonnax filed six counterclaims against AGT, and Bruce Palmbaum and Christo Bardis, AGT's two shareholders, including breach of the APA. (*Id.*)

The court conducted a bench trial on these claims from May 24, 2002 until June 4, 2002. (Doc. #218.) The court issued its Findings of Fact and Conclusions of Law (hereinafter "FOF") (*id.*) on August 12, 2002. Based on the FOF and subsequent orders, Palmbaum was awarded $100,000 for Sonnax's breach of the Consulting Agreement (Docs. #238, 240), AGT was awarded $102,687.43 for Sonnax's breach of the APA, and Sonnax was awarded $164,300 for AGT's breach of the APA (Doc. #240).

The Ninth Circuit reviewed the court's decision and issued a mandate on April 29, 2005, which reversed the court's judgments in Sonnax's favor, among other things. (Doc. #272.) Thereafter, AGT filed a motion for attorney's fees (Doc. #275) and costs (Doc. #280) based on the APA, which spawned the filing of a multitude of documents, including Sonnax's opposition (Doc. #288) and AGT's reply (Doc. #294). Based on those motions, Sonnax filed a Motion for Leave to File Sur-Reply to AGT's Reply to Sonnax's Opposition to AGT's Motion for Attorneys' Fees. (Doc. #300.) The basis of Sonnax's Motion for Leave is that AGT raised a new legal argument and presented new evidence in their Reply brief for attorneys' fees.

///

## DISCUSSION

Local Rule 7-2 provides for the filing of motions, but does not contemplate the filing of sur-replies. Of course, "[t]he court may *sua sponte* or on motion change, dispense with, or waive any of these rules if the interests of justice so require[,]" L.R. IA 3-1. (*See* Doc. #304 (arguing that there is nothing in the Local Rules that would allow the court to grant leave to file a surreply).) That discretion to allow a sur-reply, however, is in general only exercised when new arguments are raised in the reply brief. *Green v. New Mexico*, 420 F.3d 1189, 1196-97 (10th Cir. 2005); *King v. Knoll*, No. 04-04149-JAR, 2005 WL 3079096, at * 2-3 (D. Kan. Sept. 17, 2005) (publication in Federal Supplement pending); *Spiess v. Fricke*, 386 F. Supp. 2d 1178, 1192 (D. Kan. 2005); *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 197 (N.D. Ga. 2005); *see, e.g., In re Agribiotech, Inc.*, 291 F. Supp. 2d 1186, 1187 (D. Nev. 2003). Alternatively, courts may also refuse to consider the new materials in the reply. *Green v. Mexico*, 420 F.3d at 1196-97; *Spiess v. Fricke*, 386 F. Supp. 2d at 1192.

In this case, the court denies Sonnax's Motion for Leave to File a Sur-Reply (Doc. #300) on two grounds. First, it is not altogether clear from the Motion what is the new argument or evidence in AGT's Reply brief (Doc. #294) that would warrant the filing of a sur-reply. Sonnax's Motion for Leave is literally one small paragraph that states:

> [I]n *In re Agribiotech, Inc.*, 291 F. Supp. 2d 1186, 1187 (D. Nev. 2003), the court allowed the bankruptcy trustee in the suit to file a sur-reply to a reply that raised a new legal argument for the first time. Under that precedent, Sonnax respectfully requests this Court's leave to file a sur-reply, which addresses new arguments, issues and evidence that AGT raised in its Reply.

(Doc. #300.) There is no telling what the new argument, issues, or evidence could be, and as such, Sonnax fails to meet their burden as the moving party.

The court believes it would be best to exercise its discretionary power to deny Sonnax's motion. (Doc. #300.) The court will only rely on AGT's Reply brief arguments (Doc. #294) to the extent that Sonnax will suffer no prejudice, L.R. 7-2; *Spiess v. Fricke*, 386 F. Supp. 2d at 1192 (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003)). In doing so, the court also notes that it would reach the same result on AGT's Motion for Attorneys' Fees regardless of this particular ruling.

Because Sonnax's Motion for Leave to File Sur-Reply to AGT's Reply to Sonnax's Opposition to AGT's Motion for Attorneys' Fees (Doc. #300) is denied, all subsequent motions and briefs (Doc. Nos. 303, 304 and 305) are also denied as moot.

## CONCLUSION

**IT IS HEREBY ORDERED** that Sonnax's Motion for Leave to File Sur-Reply to AGT's Reply to Sonnax's Opposition to AGT's Motion for Attorneys' Fees (Doc. #300) is **DENIED**.

**IT IS FURTHER ORDERED** that AGT's Motion to Strike (Doc. #304) is **DENIED** as moot.

DATED: January 6, 2006.

_____
UNITED STATES MAGISTRATE JUDGE